UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

EDWARD JAMES CROMER,

          Plaintiff,                    Case No. 2:12-cv-94

v.                                            Honorable R. Allan Edgar

BILL SCHUETTE et al.,

          Defendants.
_____/

**OPINION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. §§ 1983, 1986, 28 U.S.C. § 1343 and the Declaratory Judgment Act, 28 U.S.C. § 2201. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint against Defendants Schuette, Morrow, Curley and Masters and Plaintiff's conspiracy claim under 42 U.S.C. § 1986 for failure to state a claim. The Court will serve the complaint against Defendants Hill, Jennings, Vinning, Castello, Bowerman, Fielding and Dube.

**Discussion**

    I.    <u>Factual allegations</u>

Plaintiff presently is incarcerated at the Baraga Maximum Correctional Facility but complains of events that occurred at the Alger Correctional Facility (LMF). In his *pro se* complaint, he sues Attorney General Bill Schuette, Wayne County Circuit Judge Bruce Morrow, LMF Warden Michael Curley, and LMF Correction Officers Kim Hill, Unknown Jennings, Unknown Vinning, Keith Castello, B. Bowerman, Unknown Fielding, Unknown Masters and D. Dube.

Plaintiff complains that Defendants violated his rights under the First, Fourth, Eighth and Fourteenth Amendments in a variety of ways. On July 8, 2009, Plaintiff was moved from administrative segregation to a temporary unit because of housing changes at LMF. In the afternoon, Defendant Bowerman stopped at Plaintiff's cell and said "you don't want to be over here, how did you get over here[?]" (Compl., docket #1, Page ID#12.) Ten minutes later, Defendant Hill approached Plaintiff's cell. Hill told Plaintiff "remember what I said, I told you [not to] come to my unit." (*Id.*) Plaintiff suggests that Hill was angry with Plaintiff for writing grievances and complaints against Hill.

Later that afternoon, Plaintiff was escorted by Officers Jennings and Vinning to the prison showers. Plaintiff complains that Officer Vinning was jogging in complete disregard to Plaintiff's medical condition. Plaintiff suffers from foot-drop. When Plaintiff asked him to slow down, Vinning said "[y]ou won't tell us how to run our unit." (Compl., docket #1, Page ID#13.) On the way to the showers, Plaintiff noticed Officer Hill talking to Officer Castello.

After his shower, Officers Jennings and Hill escorted Plaintiff back to his cell. At some point, Jennings and Hill stopped and punched Plaintiff in the back of his head and on the side

of his face. Jennings also placed Plaintiff's head in a head-lock and slammed Plaintiff's head into a concrete wall. As a result, Plaintiff's head began to bleed and he fell to the ground. Plaintiff was then kicked by Officers Vinning, Hill and Castello. Plaintiff blacked out. When he came to, Officer Hill was holding onto Plaintiff's neck with his knee. Officer Jennings had Plaintiff's face on the floor and Officers Castello and Vinning were standing on Plaintiff's legs. Plaintiff was eventually carried to his cell.

Nurse Maki, who is not listed as a Defendant, evaluated Plaintiff. In her summary, she stated that Plaintiff had a skin tear to his left great toe with a small amount of bleeding, one dime-sized abrasion on his right knee, superficial scratches on the right side of his head and mild swelling/contusion on the right side of his forehead. (July 8, 2009 MDOC SOAP Note Summary, Ex. 2, docket #1-2, Page ID#23.) Because of the assault, Plaintiff claims that his face swelled, he experienced headaches for approximately two weeks as well as psychological trauma.

After the incident, Plaintiff received a misconduct ticket for attempting to spit on Officers Hill and Vinning. Plaintiff claims that Officers Hill and Vinning fabricated the misconduct charge. The hearing officer ultimately found Plaintiff guilty of the misconduct and sentenced him to thirty days' loss of privileges.

Plaintiff states that when he complains about prison conditions, Defendants Hill, Jennings and Vinning have retaliated by taking his food trays, writing bogus misconduct tickets and taking away his yard time.

On October 18, 2010, Plaintiff reported chest pains to Nurse Solek, who is not listed as a Defendant, during medication rounds. Twenty minutes later, Plaintiff could not breathe and informed Officer Fielding of his medical problems. Fielding told Plaintiff he was tired of inmates

complaining about illnesses. Plaintiff yelled and Nurse Solek came back to his cell. Officers Eiseman and Fielding then escorted Plaintiff to the triage room. While Plaintiff's vital signs were being checked, he heard Officer Fielding say to Eiseman, "let me go shake down [Plaintiff's] cell and find some food, he seems to need some foodloaf." (Compl., docket #1, Page ID#16.) Fifteen minutes later, Eiseman returned. When Plaintiff returned to his cell, he found that his family pictures had been removed from his cell.

Plaintiff next complains that Defendant Dube implemented his own rules over the law library, contrary to Michigan Department of Corrections (MDOC) policies and procedures. First, Plaintiff complains that Defendant Dube performed aggressive searches by grabbing Plaintiff's penis and/or his genitals prior to entering the law library. When a prisoner resists, Dube sends him to administrative segregation. Second, Plaintiff complains that the law library has only limited resources. Third, Plaintiff argues that he cannot pass along law library materials for fear of receiving a misconduct report. Fourth, Plaintiff complains that he cannot talk and is subject to mouth searches while at the library. Finally, Plaintiff argues that he cannot take law materials to the yard. Plaintiff argues that Warden Curley has continued to acquiesce to and enforce Dube's rules. Many times, Curley will tell Plaintiff that the law library only carries one volume of a book but the volume is in administrative segregation. Plaintiff argues that Defendants Masters and Dube failed to provide the necessary law materials for the law library for access to the court.

Finally, Plaintiff complains that Defendants Attorney General Schuette and Judge Morrow subjected Plaintiff to a bill of attainder. Plaintiff argues that he did not commit a crime in Case No. 90-2718 and that Michigan Compiled Laws § 750.317 is unconstitutionally vague.

Plaintiff summarizes his claims as follows: Plaintiff alleges that Defendants Hill, Vinning, Bowerman, Jennings and Castello physically assaulted him in violation of his Eighth Amendment rights, Defendant Dube retaliated against Plaintiff by seizing Plaintiff's legal materials from the law library, Defendant Fielding retaliated against Plaintiff by illegally seizing Plaintiff's family pictures, Defendants Dube and Masters failed to provide adequate access to the courts contrary to the First Amendment, and Defendant Curley wrongly authorized Officer Dube to restrict legal materials contrary to the First, Fourth and Fourteenth Amendments. The Court also construes the following claims from Plaintiff's complaint: Officers Hill and Vinning wrongly fabricated a misconduct report in violation of Plaintiff's due process rights; Officer Fielding failed to respond to Plaintiff's chest pains; and Defendant Dube sexually abused Plaintiff in violation of Plaintiff's Eighth Amendment rights.

Plaintiff requests injunctive and declaratory relief against Defendants Schuette and Morrow and monetary damages from the remaining Defendants.

II.  Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(I)).

      A.     **Declaratory Judgment**

Plaintiff brings his action, in part, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. He seeks to have this Court declare that his jury trial convictions are invalid. Plaintiff sues Wayne County Circuit Judge Morrow.[1] It is not entirely clear from Plaintiff's complaint but it appears that Judge Morrow presided over Plaintiff's jury trial. Where a prisoner challenges the fact or duration of his confinement based on allegedly invalid convictions, his sole remedy is a petition for habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the

---

[1] Plaintiff lists Judge Bruce Morrow as a Defendant but seeks only injunctive relief from him. Generally, a judge is absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) ("[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of person consequences to himself.") (internal quotations omitted); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11. Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Id.* at 12. Because Plaintiff does not assert any factual allegations against Judge Morrow, he clearly fails to implicate either of the exceptions to judicial immunity. Thus, Judge Morrow is entitled to absolute judicial immunity for monetary damages.

essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). "It is well established in this circuit that a declaratory action [under 28 U.S.C. § 2201] cannot be used as a substitute for the statutory habeas corpus procedure." *Hall v. Bradley*, No. 94-5245, 1994 WL 443234, at *1 (6th Cir. Aug. 16, 1994) (citing *Braden v. 30th Judicial Circuit Court*, 454 F.2d 145, 148 n.1 (6th Cir. 1972). Moreover, the Supreme Court has limited the scope of the All Writs Act, 28 U.S.C. § 1651, solely to "filling the interstices of federal judicial power when those gaps threatened to thwart the otherwise proper exercise of federal courts' jurisdiction." *Penn. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 41 (1985). The Court has made clear that the "All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute," and that "[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Id.* at 43. Here, 28 U.S.C. § 2254 is specifically legislated to be the vehicle for review of Plaintiff's claims. As a consequence, the All Writs Act does not provide an alternative route for review. *See Hagin v. Oklahoma*, 138 F. App'x 110, 111 (11th Cir. 2005) (All Writs Act is not alternative vehicle to set aside state court conviction when habeas relief is time-barred); *Muhammad v. United States*, 76 F. App'x 45, 46 (6th Cir. 2003) (holding that, in the context for a federal prisoner, a petition for writ of coram nobis under the All Writs Act "is available only when a § 2255 motion is unavailable" because the petitioner is no longer in custody); *United States v. Rankin*, 11 F. App'x 496, 497-98 (6th Cir. 2001) (same). Accordingly, Plaintiff fails to state a claim.

### B. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by

a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### 1. Defendants Schuette, Morrow and Curley - Lack of Factual Allegations

Plaintiff fails to make any specific factual allegations against Defendant Attorney General Bill Schuette and Wayne County Circuit Judge Morrow. As to Warden Curley, Plaintiff only argues that Curley failed to stop Officer Dube from restricting access to legal materials in the law library. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to

them which would suggest their involvement in the events leading to his injuries"). Because Plaintiff's claims fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"), his complaint must be dismissed against Defendants Schuette, Morrow and Curley.

To the extent Plaintiff complains that Defendants Schuette and Curley failed to supervise or to correct the conduct of their subordinates, he also fails to state a claim. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 129 S. Ct. at 1948; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Defendants Schuette and Curley engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

In summary, Plaintiff fails to state a claim against Defendants Schuette, Morrow and Curley.

## 2. Defendant Master - Access to the Courts

Plaintiff argues that Defendant Master failed to provide essential legal materials for the law library to access to the court. It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id.* at 817. The Court further noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id.* at 824-25. An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop v. Johnson*, 977 F.2d 996, 1000 (6th Cir. 1992); *Ryder v. Ochten*, No. 96-2043, 1997 WL 720482, at *1-2 (6th Cir. Nov. 12, 1997). In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-353; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

The Supreme Court has strictly limited the types of cases for which there may be an actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating

> capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355. "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). Moreover, the underlying action must have asserted a non-frivolous claim. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed actual injury to include requirement that action be non-frivolous).

Further, the Supreme Court squarely has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353 & n.3). The *Christopher* Court held that, "[l]ike any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Christopher*, 536 U.S. at 416.

Plaintiff complains only of the general lack of legal materials available at the LMF law library. The right of access to the courts has never been equated with access to legal materials at the prison library. *Walker*, 771 F.2d at 932; *see also Lewis*, 518 U.S. at 351 (a sub-par library or legal assistance program does not establish relevant actual injury). Although Plaintiff desires legal materials, he does not specify the type of legal action for which he needs the legal materials. Because Plaintiff cannot show actual injury or that he has suffered any litigation-related detriment, Plaintiff fails to state a claim against Defendant Masters.

### 3. Defendants Hill, Jennings, Vinning, Castello, Bowerman, Fielding and Dube

Plaintiff asserts First, Fourth, Eighth and Fourteenth Amendment claims against Defendants Hill, Jennings, Vinning, Castello, Bowerman, Fielding and Dube. The Court concludes that Plaintiff's allegations against Defendants Hill, Jennings, Vinning, Castello, Bowerman, Fielding and Dube are sufficient to warrant service of the complaint.

### C. Section 1986 Conspiracy Claim

In order to state a cause of action under § 1986, plaintiff must allege that a conspiracy existed under 42 U.S.C. § 1985, and that the defendants failed to prevent that conspiracy:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured . . . for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action . . . But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.

42 U.S.C. § 1986. *See, generally, Browder v. Tipton*, 630 F.2d 1149, 1155 (6th Cir.1980) ("Section 1986 is designed to punish those who aid and abet violations of § 1985. We find no violation of §1985. Accordingly, there can be no violation of § 1986").

To maintain a cause of action under § 1986 arising from a conspiracy under § 1985(3), a plaintiff must establish the following four elements:

> (1) a conspiracy involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States.

*Smith v. Thornburg*, 136 F.3d 1070, 1078 (6th Cir. 1998) (citing *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994)). The plaintiff further must demonstrate that the conspiracy was motivated by a class-based animus, such as race. *Johnson*, 40 F.3d at 839; *see also Collyer v. Darling*, 98 F.3d 211, 233 (6th Cir. 1996); *Seguin v. City of Sterling Heights*, 968 F.2d 584, 590 (6th Cir. 1992); *Wolotsky v. Huhn*, 960 F.2d 1331, 1338 (6th Cir. 1992). Here, plaintiff has neither alleged nor established that he is a member of a "discrete and insular" minority accorded "special protection under the Equal Protection Clause because of inherent personal characteristics." *Seguin*, 968 F.2d at 590. Thus, Plaintiff has failed to state a cause of action for a conspiracy under § 1985. Absent a violation of § 1985, he may not maintain an action against defendants under § 1986. *See Seguin*, 968 F.2d at 590; *Browder*, 630 F.2d at 1155 (6th Cir. 1980). Accordingly, Plaintiff fails to state a claim under § 1986.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Schuette, Morrow, Curley and Masters will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's conspiracy claim will also be dismissed under 42 U.S.C. § 1986 for failure to state a claim. The Court will serve the complaint against Defendants Hill, Vinning, Bowerman, Jennings, Castello, Dube and Fielding.

An Order consistent with this Opinion will be entered.


Dated:      4/3/2012                        */s/ R. Allan Edgar*
                                            R. Allan Edgar
                                            United States District Judge