UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

EDWARD CROMER, #211902,

        Plaintiff,                        Case No. 2:12-cv-94

v.                                       Honorable R. Allan Edgar

BILL SCHUETTE, *et al.*,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. §§ 1983, 1986, 28 U.S.C. § 1343 and the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court must review Plaintiff's Second Amended Complaint and dismiss any prisoner action if the complaint if frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). Applying this standard, the Court will dismiss Plaintiff's complaint against Defendants Lindsay and Remski and Plaintiff's perjury claim under 18 U.S.C. § 1621, false swearing under 4 U.S.C. §§ 101, 102, and neglect in preventing conspiracy under 42 U.S.C. § 1985 for improperly challenging a habeas corpus claim under Section 1983.

Plaintiff's multiple claims are based on a single event taking place during his criminal trial and implicate the fact or length of his confinement. Although it is not entirely clear from the amended complaint, it appears that Defendant Linda Lindsay was the prosecutor in the criminal case that led to Plaintiff's conviction, and Defendant Stephen Remski was Plaintiff's

defense attorney.[1] According to the complain, the two Defendants failed to avert a conspiracy because they agreed, with Plaintiff's consent, not to require medical examiner testimony or a family member identify the deceased body, which prevented cross examination of those witnesses in violation of Plaintiff's Constitutional rights. Although Plaintiff suggests that this agreement was in exchange for something and that he was tricked, it is not clear what was up for exchange. This case resulted in Plaintiff's conviction and confinement. Because this claim touches the adequacy of conviction and confinement, this claim must be considered in the context of the Court's habeas corpus jurisdiction under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973) (habeas corpus is the exclusive remedy for a state prisoner who challenges the fact of duration of his confinement and seeks immediate or speedier release).

A petitioner in a habeas corpus proceeding is required to exhaust any available state remedies, except when, under the circumstances, such process would not effectively protect the rights of the prisoner. 28 U.S.C. § 2254(b) and (c). There is no exhaustion of available state remedies until the specific issues to be presented to this Court have been presented to the state courts. *Picard v. Connor*, 404 U.S. 270 (1971); *Albertson v. Johnson*, 440 F.2d 1201 (6th Cir. 1971). Moreover, it is the petitioner's burden to prove exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The Court must dismiss a petition for writ of habeas corpus if the petition contains unexhausted claims where state remedies remain available. *See Boggs v. Evitts*, 818 F.2d 534 (6th Cir. 1987).

In this action the Court is unable to determine from the materials filed by the Plaintiff whether he has satisfied the exhaustion requirement. Accordingly, the Plaintiff's complaint is dismissed because it implicates the fact or duration of the Plaintiff's conviction or sentence and

---

[1] It is unclear if Defendant Remski was court appointed or retained as defense counsel for Plaintiff.

he has not satisfied the exhaustion requirement. Further, Plaintiff has alleged a claim for damages which is intimately related to the habeas corpus claim.

The related damages claim must be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court declared that a claim for damages which hinges upon the validity of a conviction affecting the length of a prisoner's sentence does not accrue and is therefore not cognizable under Section 1983 until Plaintiff has first established the invalidity of the conviction in the state courts or through a habeas corpus proceeding.

When a prisoner seeks money damages in a Section 1983 action for the consequences of a conspiracy that led to an improper conviction, he necessarily requires the Court to assess the validity of the underlying conviction. As declared in *Preiser* and reiterated in *Heck*, a challenge to the validity of a matter requiring habeas corpus scrutiny is not cognizable under Section 1983. Further, pursuant to *Heck*, a damages claim arising out of the same challenge, which is cognizable under Section 1983, does not accrue until Plaintiff has had the conviction reversed or set aside. Proof of the illegality of a conviction is a necessary element of the Section 1983 cause of action. Unless a conviction has been reversed, there has been no injury of constitutional proportions, and thus no Section 1983 suit may exist. *Heck*, 512 U.S. at 482-83; *Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995). Thus, since Plaintiff has not yet established the invalidity of the conviction in the state courts or in a federal habeas action, his related Section 1983 claim for damages has not yet accrued. Accordingly, it is appropriate to dismiss this claim as premature.

Even if these claims were not intimately related to the habeas corpus claim, Defendant Lindsay would be absolutely immune when performing the traditional functions of an advocate. *Kalina v. Fletcher*, 522 U.S. 118, 130 (1997); *Koubriti v.* Convertino, 593 F.3d 459, 466–67 (6th

Cir. 2010); *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003).  Therefore, Defendant Lindsay should be dismissed.

Finally, the action against the Defendants for neglect in preventing a conspiracy, 42 U.S.C. § 1985, requires that the action be commenced within one year after the cause of action has been accrued.  Regardless of whether or not a conspiracy occurred, Plaintiff first made this claim Defendants in his Second Amended Complaint on April 24, 2012, long after the requirement that an action be commenced within one year of the cause of action.

## **CONCLUSION**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Lindsay and Remski will be dismissed and Plaintiff's perjury claim under 18 U.S.C. § 1621, false swearing under 4 U.S.C. §§ 101, 102, and neglect in preventing conspiracy under 42 U.S.C. § 1985 will be dismissed for improperly challenging a habeas corpus claim under Section 1983.

An Order consistent with this Opinion will be entered.


Dated:      7/10/2014                            */s/ R. Allan Edgar*                .
                                   R. Allan Edgar
                                   United States District Court Judge