UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

EDWARD CROMER, #211902,

       Plaintiff,                          Case No. 2:12-cv-94

v.                                      Honorable R. Allan Edgar

BILL SCHUETTE, *et al.*,

       Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. §§ 1983, 1986, 28 U.S.C. § 1343 and the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court must review and dismiss any prisoner action if the complaint fails to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). Applying this standard, the Court will dismiss Plaintiff's First Amendment claim of access to the courts and Eighth Amendment claim of sexual abuse against Defendant David Dube and the Eighth Amendment claim of deliberate indifference to a serious medical need against Defendant Glenn Fielding.

## DISCUSSION

### I. Factual Allegations

Cromer alleges that the law library and its policies are inadequate. For example, he alleges that the library contains only one volume of each legal source and that inmates are not allowed to talk, pass, or take law materials into the prison yard. One particular instance that Cromer complains about is that his law materials were seized because he allowed another inmate to copy a case citation from his notes. It is unclear whether the materials were ever returned or if they went back to the prison law library.

Cromer also alleges that prison guards performed "aggressive" searches, sometimes grabbing his penis or penis area and this was meant to intimidate him and other inmates from

conducting legal research. Additionally, the guards distracted him by searching his mouth while he conducted legal research.

Plaintiff also alleges that on October 18, 2010 Defendant Fielding was deliberately indifferent to his serious medical need when he failed to notify medical staff of his chest pain and shortness of breath. According to the complaint, when Plaintiff notified Defendant Fielding of chest pains, Defendant Fielding started to complain that he was tired of listening to inmates' medical problems and failed to alert medical staff. Plaintiff then yelled to the nurse, located a short distance away attending to another inmate, who returned to remove him from his cell and had him escorted for observation. Plaintiff was observed and eventually returned to his cell. Plaintiff does not allege any injury.

### II. First Amendment Access to the Courts

The First and Fourteenth Amendments protects a prisoner's right of access to the courts. While the right of access to the courts does not allow a State to prevent an inmate from bringing a grievance to court, it also does not require the State to enable a prisoner to discover grievances or litigate effectively.

To state a claim, an inmate must show that any shortcomings in the library, litigation tools, or legal assistance caused *actual injury* in his pursuit of a legal claim. *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). An inmate must make a specific claim that he was adversely affected or that the litigation was prejudiced. *Vandiver v. Niemi*, No. 94-1642, 1994 WL 677685, at *1 (6th Cir. Dec. 2, 1994). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). Other routine inconveniences of prison life do not constitute adverse action. *Id.* at 579–80. Further, the right may be limited by legitimate penological goals, such as maintaining security and preventing fire or sanitation hazards.

Cromer's complaint fails to allege that he suffered any injury as a result of the Defendant's actions. He does not allege that he was adversely affected or that his litigation was prejudiced. In fact, he was able to file this civil action. If the allegations are true, at most, the guards may have made it more difficult for him to conduct legal research, but that does not meet the actual injury requirement. Plaintiff fails to state a claim upon which relief can be granted.

### III. Eighth Amendment Sexual Abuse

Plaintiff fails to state an Eighth Amendment claim against Defendant Dube for sexual abuse because he does not allege that the incident had any sexual connotation or that Defendant Dube had a sexual motive. If fact, the Plaintiff states that the alleged touch was for the purpose of intimidation and nothing sexual occurred prior to, during, or after the touch.

The Sixth Circuit has held that minor, isolated incidents of sexual touching coupled with offensive sexual remarks do not constitute an Eighth Amendment violation. *See, e.g.*, *Solomon v. Mich. Dep't of Corr.*, 478 F. App'x 318, 320–21 (6th Cir. 2012) (two "brief" incidents of physical contact during pat-down searches, including touching and squeezing the prisoner's penis, coupled with sexual remarks, does not violate the constitution) (unpublished); *Jackson v. Madery*, 158 F. App'x 656, 661 (6th Cir. 2005) (correction officer's conduct in allegedly rubbing and grabbing prisoner's buttocks in degrading manner was "isolated, brief, and not severe" and failed to meet Eighth Amendment standards) (unpublished).

Taking Plaintiff's allegations as true, the Plaintiff does not allege that this was anything other than an "aggressive" search meant to make him uncomfortable and deter him from conducting legal research. The complaint fails because there is no allegation of contact that was sexual in nature or that Defendant Dube had a sexual intent or desire.

### IV. Eighth Amendment Deliberate Indifference to Serious Medical Need

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. Prison authorities are obligated to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103–04 (1976). This requirement is violated when a prison official is deliberately indifferent to the serious medical need of a prisoner. *Id.* at 104–05.

To establish a violation of this right, Plaintiff must prove that Defendant Fielding was aware of and deliberately indifferent to Plaintiff's serious medical need. Additionally, Plaintiff must prove that he suffered further injury and that the conduct of the Defendant proximately caused his injury. Such injury need not be significant or serious. *Broyles v. Corr. Med. Services*, 2012 WL 1503760, at *3 (6th Cir. Apr. 30, 2012).

Despite the issue of whether the medical need was serious, Plaintiff fails to allege that any injury occurred. Plaintiff had chest pain and shortness of breath and once Defendant

- 4 -

Fielding failed to call a nurse, Plaintiff yelled to a nurse who removed him from his cell and had him transported for evaluation and observation. Plaintiff does not go on to state that further injury followed and from Plaintiff's account the medical staff merely took his vital signs. Plaintiff does not allege that any injury resulted from Defendant's alleged failure to call medical staff; nor does he allege any injury at all. Therefore, Plaintiff's claim must be dismissed for failure to state a claim upon which relief can be granted.

## **CONCLUSION**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that the Plaintiff's First Amendment claim of access to the courts, Eighth Amendment claim of sexual abuse, and Eighth Amendment claim of deliberate indifference to a serious medical need will be dismissed for failing to state a claim upon which relief can be granted.

An Order consistent with this Opinion will be entered.


Dated:   7/11/2014                           */s/ R. Allan Edgar*
                                            R. Allan Edgar
                                            United States District Court Judge